


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **C.W. ALLEN AND S.D. ALLEN,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4710-L** |
| | § | |
| **DOVENMUEHLE MORTGAGE, INC. AND MATRIX FINANCIAL SERVICES CORPORATION,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

For the reasons herein explained, the court **dismisses with prejudice** Plaintiffs' remaining claim under the Texas Debt Collections Practices Act ("TDCPA") based on Defendants' failure to obtain a bond, and **dismisses with prejudice** this action. Additionally, the court **denies** Plaintiffs' motion to reconsider the court's dismissal of their previously dismissed claims.

On July 21, 2014, the court moved *sua sponte* to dismiss Plaintiffs' remaining claim under the TDCPA based on Defendants' failure to obtain a bond. The court believed that Plaintiff had failed to state a viable claim under the TDCPA because they allege that they suffered damages as a result of Defendants' inaccurate reporting of the amount due under their Note, but they do not allege that they suffered any actual damages as a result of Defendants' failure to file a bond. *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 184-85 (Tex. App.—Austin 1997, no pet.) (concluding that actual damages are a necessary component of a claim under the TDCPA for violations of the bond requirement).

On August 1, 2014, Plaintiff responded to the court's motion, contending that under the allegations in their Second Amended Complaint are sufficient to state a claim for relief under the TDCPA based on Defendants' failure to obtain a bond because they allege that Defendants' failure to respond to Plaintiffs' qualified written requests for information and correct inaccuracies in the amount of the debt owed caused them to suffer economic damages. Plaintiffs therefore contend that they are entitled to statutory damages. For support, Plaintiffs rely on *Marauder Corporation v. Beall*, 301 S.W.3d 817, 823 (Tex. App.—Dallas 2009, no pet.), and contend that their pleadings are sufficient to maintain an action for actual damages and injunctive relief.

Defendants reply that Plaintiffs' reliance on *Marauder Corporation v. Beall* is misguided because, while the court in *Marauder* concluded that a plaintiff can maintain a suit for injunctive relief, which can give rise to an award of statutory damages, Plaintiffs' Second Amended Complaint only requests damages and does not request injunctive relief. Defendants contend that to maintain an action for statutory damages, a plaintiff must establish either a right to injunctive relief or actual damages. Defs.' Reply 3 (citing *Brown v. Enter. Recovery Sys*, 2013 WL 4506582 at *14 (Tex. App.—Fort Worth Aug. 22, 2013, pet. denied)). Defendants contend that, because Plaintiffs have only requested damages, the *Elston* standard referenced in the court's sua sponte motion controls, and Plaintiffs' claim based on violation of the bond requirement should be dismissed.

For the reasons urged by Defendants and set forth in the court's July 21, 2014 opinion, the court concludes that Plaintiffs' TDCPA claim, based on Defendants' failure to obtain a bond, fails as a matter of law because Plaintiffs allege that they suffered damages as a result of Defendants' inaccurate debt reporting and failure to respond to written requests for information, but they do not allege that they suffered any actual damages as a result of Defendants' failure to file a bond.

Moreover, as noted by Defendants, while a plaintiff can maintain a suit for injunctive relief, which can give rise to an award of statutory damages under the TDCPA, Plaintiffs' Second Amended Complaint does not request injunctive relief. The court therefore **dismisses with prejudice** Plaintiffs' remaining claim under the TDCPA based on Defendants' failure to obtain a bond.

Plaintiffs have not requested to further amend their pleadings or proposed how to cure the deficiency noted regarding their TDCPA claim based on Defendants' failure to obtain a bond. They instead continue to maintain that their TDCPA claim and the previously dismissed claims are sufficient as pleaded. The court therefore concludes that Plaintiffs have pleaded their "best case" and that further attempts to amend would be futile. Accordingly, the court will not allow them an opportunity to further amend their pleadings. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

As no claims remain, the court **dismisses with prejudice** this action. Further, the court **construes** Plaintiffs' contention that, "This court should allow Plaintiffs' claims under the DTPA, TDCPA and RESPA to proceed because Plaintiffs are 'consumers' and have stated sufficient facts to maintain their claims," as a motion to reconsider the court's dismissal of their previously dismissed claims and **denies** the motion for reconsideration. Pls.' Resp. 7. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 29th day of June, 2015.

Sam A. Lindsay
United States District Judge